UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

LONNY DOMZIL,

    Plaintiff,

v.

CAROL P. JEUCK a/k/a CAROL P. BRITTAIN-JEUCK, NURSE PRACTITIONER CHESTER, JON LITSCHER, JOHN DOES 1-10, DOCTORS 1-10, NURSES 1-10, ABC INSURANCE COMPANY, DEF INSURANCE COMPANY, GHI INSURANCE COMPANY, and JKL INSURANCE COMPANY,

    Defendants.

Case No.: 20-CV-1747-SCD

## RULE 26 (f) JOINT DISCOVERY PLAN

1.    Pursuant to Rule 26(f), Fed. R. Civ. P., and the Court's Order, Plaintiff's counsel, Nathaniel Cade, Jr., and Defendants' counsel, Rachel L. Bachhuber, conferred on January 12, 2021 with regards to the contents of this proposed discovery plan.

2.    Pre-discovery disclosures. The parties, by **April 7, 2021**, will exchange the information required by Fed. R. Civ. P. 26(a)(1); Supplementations are due as required and in accordance with the provisions of Rule 26(e). Per a request posed to the Wisconsin Attorney General on November 30, 2020, the Wisconsin DOJ has agreed to represent defendants, and has signed a waiver of the service of summons form for Defendants Carol Jeuck, Dmitriy Chester, and Jon Litscher. It is anticipated that Defendants will file their responsive pleading on or before January 29, 2021.

3.    Discovery plan. The parties jointly propose to the Court the following Discovery plan:

a. Discovery is necessary on the following subjects:

   i. The facts and circumstances related to Plaintiff's incarceration and initial processing into the Wisconsin Secure Detention Facility;

   ii. The knowledge of Plaintiff's medical needs;

   III. The failure to provide Plaintiff his medication;

   iv. Internal policies and procedures at Wisconsin Secure Detention Facility with regards to supplying of medicines to inmates during initial processing into the facility;

   v. Whether any supervisors were aware of Plaintiff's medical needs; and

   vi. Plaintiff's injuries as a result of the lack of medications.

b. The parties propose the following dates for scheduling:

   i. **June 8, 2021** – deadline for amendment of pleadings.

   ii. **November 1, 2021** – deadline for non-expert discovery.

   iii. **December 15, 2021** – deadline for Plaintiff to name expert witnesses, if any, and provide written reports as provided by Fed. R. Civ. P. 26(a)(2).

   iv. **March 1, 2022** – deadline for Defendants to name expert witnesses, if any, and provide written reports as provided by Fed. R. Civ. P. 26(a)(2).

   v. **May 31, 2022** – deadline for filing of any dispositive motions.

   vi. Depositions of Experts should be taken within 45 days of designation. Unless otherwise stipulated, disclosure of experts will be in compliance with Rule 26(a)(2).

c. The parties anticipate that discovery and production of electronically stored information ("ESI") may take place. The parties agree to implement measures to preserve any such ESI. The parties will work together to agree to procedures and costs of production

of ESI. No issues have arisen to date related to production of ESI.

d. The parties agree and hereby consent in writing that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E) and that such service shall be deemed complete upon transmission, provided that the serving party does not learn that it did not reach the person to be served. The parties agree that "electronic means" is email and/or DOJ's ShareFile folder for information to share with Plaintiff's counsel, the Cade Law Group, and NetDocuments for information that Plaintiff will share with DOJ. The parties agree that if the DOJ's ShareFile folder for the Cade Law Group is used to serve documents, counsel (or a paralegal) for the party serving the documents will email opposing counsel the same day to notify opposing counsel that documents have been uploaded to the ShareFile. The parties further agree not to use facsimile transmission for any documents to be served upon counsel.

e. No issues have arisen with regarding to claims of privilege and/or work product. In the event that such an issue arises, the parties will work together to address before bringing the issue to the Court.

f. The parties do not believe there is a need for any limitations on discovery imposed, and that discovery can be governed by the Federal and Local Rules.

g. These parties do not believe there are any other issues to be addressed by the Court at this time.

## ADDITIONAL INFORMATION REQUIRED BY COURT.

1. **Case Summary:** This is a Section 1983 lawsuit. Mr. Domzil was on probation when he was picked up and jailed on November 9, 2017 for an alleged probation violation. At the time of his arrest and subsequent medical interview, he informed the medical staff at the Milwaukee Secure Detention Facility that he had multiple prescriptions, including

medicines for his paranoid schizophrenia. Staff at MSDF contacted the Zablocki Veterans Administration office (as Mr. Domzil was a veteran) and confirmed his medications the same day he was placed into MSDF. However, despite the confirmation from the VA as to his prescriptions, Mr. Domzil never received his medications. Mr. Domzil, on November 21, 2017, committed an act of self-mutilation and gouged out his right because his paranoid schizophrenia was not controlled (due to a lack of medications) and he heard voices telling him to do so. Previously, while an inmate at Oshkosh Correctional Institution, within the Department of Corrections back in 2009, Mr. Domzil had previously committed a similar act of self-mutilation and gouged out his left eye because he was not on his medications and had heard voices encouraging him to do so. Mr. Domzil is now blind.

The Defendants' investigation into this case is ongoing. At the time of this report, counsel for the Defendants did not have a valid authorization for release of Mr. Domzil's medical records. Therefore, Defendants' counsel is unable to confirm, deny, or otherwise verify the information in the above case summary at this time.

2. **Amendments:** The parties are not sure about any amendment to the pleadings but have identified **June 8, 2021** as the deadline for any such amendments. In addition, discovery is necessary to determine if any of the John Doe defendants can be identified or had involvement, per the allegations contained in the Complaint.

3. **Contemplated Motions:** The Defendants will be filing a Rule 12(b)(6) motion to dismiss some or all of the Plaintiff's claims. Should any of Plaintiff's claims survive the Rule 12(b)(6) motion, the Defendants contemplate filing a Rule 56 motion for summary judgment.

4. **Other Matters:** The only known issue is the current Covid 19 Pandemic, which may interfere with certain discovery and depositions. The parties will endeavor to work

with each other to handle scheduling and other issues. The parties agree to take depositions on non-expert witnesses remotely, via videoconference, if the deponent resides outside of the State of Wisconsin.

Dated this 13th day of January, 2021.

CADE LAW GROUP LLC

By: s/ NATHANIEL CADE, JR.
    Nathaniel Cade, Jr., SBN:1028115
    Carlos R. Pastrana, SBN: 1088286
    P.O. Box 170887
    Milwaukee, WI 53217
    (414) 255-3802 (phone)
    (414) 255-3804 (fax)
    nate@cade-law.com

Attorneys for Plaintiff Lonny Domzil

Dated this 13th day of January, 2021.

JOSHUA L. KAUL
Attorney General of Wisconsin

By: s/ RACHEL L. BACHHUBER
    Rachel L. Bachhuber, SBN: 1052533
    Assistant Attorney General
    Wisconsin Department of Justice
    PO Box 7857
    Madison, WI 53707-7857
    (608) 266-0188 (phone)
    (608) 267-8906 (fax)
    bachhuberrl@doj.state.wi.us

Attorneys for Defendants Carol P. Jeuck a/k/a Carol P. Brittain-Jeuck, Nurse Practitioner Chester and Jon Litscher