IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

LONNY DOMZIL,

    Plaintiff,

v.                                                Case No. 20-CV-1747

CAROL JEUCK, ET AL.,

    Defendants.

**STATE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Lonny Domzil is suing Carol Jeuck and Dmitriy Chester ("Original State Defendants"); Marcelo Castillo, Timothy McGuire, Eileen Abrams, Dwilette Archer, and Carolyn Hasek ("New State Defendants"); and various non-State Defendants under federal and state law for failing to obtain his psychiatric medication when he was detained in November 2017 at the Milwaukee Secure Detention Center for one or more violations of the concurrent terms of extended supervision he was serving as part of his criminal sentences for repeated first degree sexual assault of the same child and repeated second degree sexual assault of the same child in Jefferson County Circuit Court Case No. 2004CF000482.

Because the statute of limitations ran as to New State Defendants before Plaintiff named them in this lawsuit, and because no State Defendants at all are named in the notice of claim, State Defendants now move for judgment on the pleadings against any state law claims.

## LEGAL STANDARDS

A Rule 12(b)(6) motion is filed before answering, *see* Fed. R. Civ. P. 12(b) (final unnumbered paragraph), and a Rule 12(c) motion is filed "[a]fter the pleadings are closed but within such time as not to delay the trial," *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 n.3 (7th Cir. 1998) (quoting Fed. R. Civ. P. 12(c)). No trial is scheduled in this case, and motions for summary judgment are not due for over six months. (Dkts. 18, 33.) The substantive standards for motions under Rule 12(b)(6) and 12(c) are the same. *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). Dismissal under Rule 12 is appropriate when an affirmative defense appears on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## ARGUMENT

### I. THE STATUTE OF LIMITATIONS

The injury in this case is alleged to have occurred on November 21, 2017. (Dkt. 21, at 7 ¶ 30.) Plaintiff is alleged to have known of the injury immediately, because he is alleged to have caused it himself. (*Id.*) Plaintiff did not name New State Defendants via amendment until April 16, 2021. (*Compare* Dkt. 1, *with* Dkt. 21.) By that date, the three-year statute of limitations on any personal injury claim had run. Wis. Stat. § 893.54(1m)(a). New State Defendants were only identified in the Complaint as "Doe" defendants. (Dkt. 1.) The Court of Appeals has recently clarified any previous confusion: naming a Doe defendant via amendment does not relate back to the original pleading under Rule 15(c) because it is not a "mistake." *Herrera v. Cleveland*, 8 F.4th 493, 498–99 (7th Cir. 2021) (Brennan, J.).

2
Case 2:20-cv-01747-BHL   Filed 11/12/21   Page 2 of 5   Document 38

## II. THE NOTICE-OF-CLAIM STATUTE

> Except as provided in sub. (5m), no civil action or civil proceeding may be brought against any state officer, employee or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employee's or agent's duties . . . unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employee or agent involved . . . .

Wis. Stat. § 893.82(3). A plaintiff must "compl[y] strictly with the requirements" of the statute. *Id.* § 893.82(2m). Substantial compliance is insufficient. *Kellner v. Christian*, 197 Wis. 2d 183, 539 N.W.2d 685, 689–90 (1995). Failure to comply strictly with the statute is a jurisdictional defect. *Badger Catholic, Inc. v. Walsh*, 620 F.3d 775, 782 (7th Cir. 2010) (citing *Riccitelli v. Broekhuizen*, 227 Wis. 2d 100, 595 N.W.2d 392, 399 (1999)). On such strict requirement is that state employees be identified by name. *Modica v. Verhulst*, 195 Wis. 2d 633, 536 N.W.2d 466, 473 (Ct. App. 1995) (citing Wis. Stat. § 893.82(3)) ("There is no ambiguity here. A state employee must be identified by name, not by job title."). Plaintiff's notice of claim, which is attached to his Amended Complaint and is therefore a part of it for the purposes of a motion for judgment on the pleadings, *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend.*, 163 F.3d 449, 452–53 (7th Cir. 1998), does not name any State Defendants, (Dkt. 21-1, at 5.) Because Plaintiff did not strictly comply with the notice-of-claim statute, *see Modica*, 536 N.W.2d at 473, there is no jurisdiction over any state law claims against State Defendants, *see Badger Catholic, Inc.*, 620 F.3d at 782.

The exception is for medical malpractice claims. Wis. Stat § 893.82(5m). But only physicians[1] and nurse anesthetists may be sued for "medical malpractice" for the purposes of the exception to the notice-of-claim statute. *Hammer v. Schwartz-Oscar*, No. 19-CV-444, 2021 WL 1208877, at * 8 (E.D. Wis. Mar. 31, 2021) (Griesbach, J.) (citing Wis. Stat. §§ 655.001-655.002; *Patients Compensation Fund v. Lutheran Hosp.-La Crosse, Inc.*, 216 Wis. 2d 49, 573 N.W.2d 572, 577 (Ct. App. 1997) (Roggensack, J.)); *Tallman v. Gugler*, No. 19-CV-1820, 2021 WL 842135, at 1–2 (E.D. Wis. Mar. 5, 2021) (Stadtmueller, J.) (citing Wis. Stat. §§ 655.001–.002; *Patients Compensation Fund v. Lutheran Hosp.-La Crosse, Inc.*, 223 Wis. 2d 439, 588 N.W.2d 35, 41 (1999)); *Patients Compensation Fund*, 573 N.W.2d at 577 ("Chapter 655 has established that only health care providers can be liable for medical malpractice, and it has defined health care provider in a way which excludes nurses . . . ."). Of State Defendants, only Dr. Castillo is alleged to be a physician or nurse anesthetist, so the exception to the notice-of-claim statute applies only to him. However, as noted *supra*, the three-year statute of limitations ran on any claim against him before the lawsuit was filed, whether the claim is characterized as general personal injury or medical malpractice. *See* Wis. Stat. §§ 893.54(1m)(a), 893.55(1m)(a).

## CONCLUSION

The Court should GRANT the motion for Judgment on the Pleadings and DISMISS any state law claims against State Defendants.

---

[1] "'Physician' means a medical or osteopathic physician licensed under ch. 448." Wis. Stat. § 655.001(10m).

Dated this 12th day of November, 2021.

                Respectfully submitted,

                JOSHUA L. KAUL
                Attorney General of Wisconsin

                <u>s/Eliot M. Held</u>
                ELIOT M. HELD
                Assistant Attorney General
                State Bar #1079681

                Attorneys for Defendants Carol Jeuck,
                Dmitriy Chester, Marcelo Castillo, Timothy
                McGuire, Eileen Abrams, Dwilette Archer,
                and Carolyn Hasek

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-8554
(608) 294-2907 (Fax)
heldem@doj.state.wi.us