UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

LONNY DOMZIL,

                               Plaintiff,

     v.                                                                       Case No. 20-cv-1747-bhl

CAROL P. JEUCK, et al.,

                               Defendants.
_____

## DECISION AND ORDER
_____

        On November 22, 2020, Plaintiff Lonny Domzil, by his attorneys Cade Law Group LLC, filed a complaint under 42 U.S.C. §1983. He filed an amended complaint on April 16, 2021. Dkt. No. 21. Domzil is suing State and non-State Defendants under federal and state law for their alleged failure to provide him with his psychiatric medication while he was detained at the Milwaukee Secure Detention Facility in November 2017. On November 12, 2021, State Defendants Carol Jeuck, Dmitriy Chester, Marcelo Castillo, Timothy McGuire, Eileen Abrams, Dwilette Archer, and Carolyn Hasek filed a motion for judgment on the pleadings. Dkt. No. 38. They assert that the statute of limitations bars Domzil's state law claims against Castillo, McGuire, Abrams, Archer, and Hasek. They also assert that Domzil failed to identify any State Defendant in his notice of injury and claim. Accordingly, the State Defendants argue that Domzil's state law claims against them must be dismissed. Domzil did not respond to the State Defendants' motion. The Court will grant the motion.

## LEGAL STANDARD

A motion under Fed. R. Civ. P. 12(b)(6) is filed before answering, and a motion under Fed. R. Civ. P. 12(c) is filed "[a]fter the pleadings are closed but within such time as not to delay the trial." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 n. 3 (7th Cir. 1998) (quoting Fed. R. Civ. P. 12(c)). The standards for motions under Rule 12(b)(6) and 12(c) are the same. *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). Dismissal under Rule 12 is appropriate when an affirmative defense appears on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## ANALYSIS

The injury at issue occurred on November 21, 2017. Dkt. No. 21 at 7. Domzil filed his original complaint on November 22, 2020. Because he did not know the names of some of the individuals who were allegedly responsible for his injury, he sued numerous John and Jane Does. On April 16, 2021, Domzil named Castillo, McGuire, Abrams, Archer, and Hasek in his amended complaint. Dkt. No. 21. By that date, the three-year statute of limitations on any personal injury claim had run. *See* Wis. Stat. §893.54(1m)(a). As the State Defendants point out, the Seventh Circuit recently clarified that naming a Doe defendant via amendment does not relate back to the original pleading under Fed. R. Civ. P. 15(c) because it is not a "mistake." *See Herrera v. Cleveland*, 8 F.4th 493, 498-99 (7th Cir. 2021). Accordingly, because Domzil did not sue Castillo, McGuire, Abrams, Archer, and Hasek until more than three years after his alleged injury, his state law claims against those Defendants are barred by the statute of limitations. The Court will dismiss those claims.

Domzil's state law claims against Jeuck and Chester, the only two State Defendants he sued in his original complaint, must also be dismissed. Under Wisconsin law, no civil action may

2

be brought against any state employee unless the plaintiff files a notice of injury and claim within 120 days of the event allegedly giving rise to the injury. Wis. Stat. §893.82(3). Domzil attached his notice of injury and claim to his amended complaint. Dkt. No. 21-1 at 5. In it, he asserts that while incarcerated he "requested numerous times that the guards, nurses, and doctor provide [him] with [his] pyschotropic [sic] medication." *Id.* Domzil does not identify the "guards, nurses, or doctor" by name, only by job title. However, under the statute, a plaintiff must identify the state employees by name. *See* Wis. Stat. §893.82(3); *Modica v. Verhulst*, 195 Wis. 2d 633 (Ct. App. 1995) ("There is no ambiguity here. A state employee must be identified by name, not by job title."). Thus, because Domzil failed to identify Jeuck and Chester by name in his notice of injury and claim, his state law claims against them must be dismissed.

Finally, per the scheduling order, the parties were free to join other parties and amend the pleadings without leave of Court by June 8, 2021. Dkt. No. 18. Further, discovery closed more than a month ago on November 1, 2021. *Id.* Although Domzil named numerous John Does, unnamed doctors, unnamed nurses, and unnamed insurance companies in his amended complaint, he has made no effort to identify those unnamed Defendants. Given that discovery is now closed, allowing Domzil to file a second amended complaint to sue additional defendants would significantly delay resolution of this action. Accordingly, the Court will dismiss all unidentified Defendants.

**IT IS THEREFORE ORDERED** that the State Defendants' motion for judgment on the pleadings (Dkt. No. 38) is **GRANTED**. Domzil's state law claims against the State Defendants are **DISMISSED**.

**IT IS FURTHER ORDERED** that John Does 1-10, Doctors 1-10, Nurses 1-10, ABC Insurance Company, DEF Insurance Company, GHI Insurance Company, and JKL Insurance Company are **DISMISSED**.

Dated at Milwaukee, Wisconsin on December 10, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge